IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KAREN KRISTY SILVIO, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-14-3065 |
| | § | |
| OCWEN LOAN SERVICING, LLC, | § | |
| *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on Defendants' Motion for Summary Judgment [Doc. # 18]. By Order [Doc. # 33] entered June 8, 2015, Plaintiff Karen Kristy Silvio was directed to file any opposition to the Motion for Summary Judgment by June 29, 2015, and was cautioned that failure to respond by the deadline would result in the entry of judgment in Defendants' favor. Plaintiff neither filed any opposition to the Motion nor requested additional time to respond. The Court **grants** Defendants' Motion.

Plaintiff filed this lawsuit against Ocwen Loan Servicing, LLC ("Ocwen") and Deutsche Bank National Trust Company ("Deutsche Bank") in an attempt to avoid eviction following foreclosure. After her Motion for a Temporary Restraining Order was denied by Memorandum and Order [Doc. # 15] entered December 4, 2014, Plaintiff filed a bankruptcy petition that same day. Plaintiff also filed an adversary

proceeding against Defendants. The bankruptcy case was dismissed on April 21, 2015, and her adversary proceeding was dismissed the following day. Plaintiff's Motion to Vacate the dismissal orders was denied by the Bankruptcy Court on May 6, 2015. Because the bankruptcy actions were no longer pending, this Court reinstated the case on its active docket by Order [Doc. # 33] entered June 8, 2015, and ordered Plaintiff to file any opposition to the Motion for Summary Judgment by June 29, 2015. No response was filed. The Motion for Summary Judgment is ripe for decision.

Plaintiff's claims in this lawsuit based on alleged pre-foreclosure conduct are barred by *res judicata*. A claim is barred under the doctrine of *res judicata* where four elements are satisfied: (1) the parties in the two lawsuits are identical; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) the prior judgment was a final judgment on the merits; and (4) the same claim or cause of action was involved in both cases. *See In re Ark-La-Tex Timber Co., Inc.*, 482 F.3d 319, 330 (5th Cir. 2007) (citing *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559 (5th Cir. 2004)). "In essence, *res judicata* bars the subsequent litigation of claims that have been litigated or should have been raised in an earlier suit." *Id*. The claims or causes of action are the same if the involve the same "nucleus of operative facts." *Id.* (citing *Eubanks v. F.D.I.C.*, 977 F.2d 166, 171 (5th Cir. 1992)).

Plaintiff previously filed a lawsuit against Ocwen and Deutsche Bank involving the same loan and property at issue in this lawsuit. *See Silvio v. Ocwen Loan Servicing, LLC, et al.*, Civil Action No. H-13-3159 ("First Lawsuit"). That case was dismissed with prejudice by Order [Doc. # 22 in the First Lawsuit] entered January 30, 2014. The alleged material facts set forth in this case, including the allegation that Plaintiff did not receive notice of foreclosure, were known to Plaintiff while the First Lawsuit was pending, and they involve the same nucleus of operative facts as the First Lawsuit. As a result, Defendants are entitled to summary judgment on the pre-foreclosure claims in this lawsuit because they are barred by *res judicata*.

Defendants have presented evidence that they were entitled to foreclose, to conduct the foreclosure sale, and to seek Plaintiff's eviction under the Deed of Trust and Texas law. Plaintiff has failed to present evidence to raise a genuine issue of material fact in support of her foreclosure and attempted eviction claims. Consequently, Defendants are entitled to summary judgment on these claims. *See* FED. R. CIV. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*); *see also Curtis v. Anthony,* 710 F.3d 587, 594 (5th Cir. 2013).

Based on the foregoing, it is hereby

**ORDERED** that Defendants' Motion for Summary Judgment [Doc. # 18] is **GRANTED**, and this case is **DISMISSED WITH PREJUDICE**. The Court will issue a separate Final Judgment.

SIGNED at Houston, Texas, this **30th** day of **June, 2015**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE